SISK-RATHBURN v FARM BUREAU GENERAL INSURANCE
COMPANY OF MICHIGAN

Docket No. 275121. Submitted April 9, 2008, at Detroit. Decided April 29,
2008. Approved for publication June 26, 2008, at 9:10 a.m.

Christina Sisk-Rathburn, who did not have a no-fault automobile
insurance policy of her own, brought an action in the Wayne
Circuit Court against Farm Bureau General Insurance Company
of Michigan, seeking a resumption of no-fault personal protection
insurance (PIP) benefits for injuries she sustained while driving a
rented car. The defendant, which had issued a "business auto"
policy to the plaintiff's husband, ceased paying PIP benefits to the
plaintiff after determining that its policy provided only liability
coverage with respect to a temporary substitute for a covered
automobile that is out of service. The court, William J. Giovan, J.,
granted summary disposition for the defendant, ruling in part that
there existed no genuine issue of fact and the defendant was
entitled to judgment as a matter of law.

The Court of Appeals *held*:

1. The trial court correctly concluded that the defendant's
policy does not provide PIP coverage for a vehicle not listed as
owned by the plaintiff's husband's business. That policy provided
that only liability coverage is extended to an automobile being
used "as a temporary substitute for a covered 'auto' that you own
that is out of service."

2. The plaintiff, as the spouse of an employee, is entitled to
whatever PIP benefits her husband would be entitled to under the
policy, MCL 500.3114(3). The defendant owed no PIP benefits to
the plaintiff because the policy provides to her husband only
liability coverage for rented automobiles.

3. Equitable estopped does not apply to obligate the defendant
to continue paying PIP benefits to the plaintiff. The plaintiff had
the same access as the defendant to the insurance contract, which
expressly limited PIP benefits to enumerated vehicles and ex-
tended only liability coverage for substitute vehicles.

4. The "innocent third party" rule, which prohibits an insurer
from rescinding an insurance policy because of a material misrep-

resentation made in an application for no-fault insurance where there is a claim involving an innocent third party, does not apply to this case because the defendant did not rescind the policy, but merely stopped paying benefits after concluding that the claim was not covered by the policy.

Affirmed.

*Craig S. Romanzi & Associates, P.C.* (by *Craig S. Romanzi*), for the plaintiff.

*G.W. Caravas & Associates, P.C.* (by *Gary W. Caravas*), for the defendant.

Before: JANSEN, P.J., and DONOFRIO and DAVIS, JJ.

PER CURIAM. Plaintiff appeals as of right an order dismissing her complaint against defendant in this no-fault insurance action. We affirm.

The plaintiff was injured in a car accident while driving a rental vehicle. She did not have her own automobile insurance policy at the time, but her husband, with whom she resided, had a no-fault policy with defendant at the time. The policy listed plaintiff as a driver, and it covered four vehicles; the rental vehicle was temporarily substituting for one of those vehicles because that vehicle "was in the shop." Defendant paid personal protection insurance (PIP) benefits for a time, but terminated those benefits and contends that the rental car was not actually covered under the policy. Plaintiff commenced this action, asserting that defendant may not terminate those benefits. The trial court concluded that the insurance policy had been a *business* policy and that plaintiff was not in one of the business's vehicles; therefore, plaintiff was not entitled to benefits, and the benefits already paid were a "windfall."

A grant or denial of summary disposition is reviewed de novo on the basis of the entire record to determine if

the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Although defendant brought its motion for summary disposition pursuant to MCR 2.116(C)(8) and (C)(10), the trial court examined evidence outside the pleadings, so we treat the grant of summary disposition as having been pursuant only to MCR 2.116(C)(10). When reviewing a motion under MCR 2.116(C)(10), which tests the factual sufficiency of the complaint, this Court considers all the evidence submitted by the parties in the light most favorable to the non-moving party and grants summary disposition only where the evidence fails to establish a genuine issue regarding any material fact. *Maiden, supra* at 120.

We agree with the trial court's determination that the policy at issue here was a business policy. The policy explicitly states that the policy type is "business auto," and it is replete with further supporting indicators that it was issued to a business. The schedule of coverages refers to "business auto coverages" only. The schedule of covered vehicles lists four vehicles, two of which are described as being for "commercial" use and two of which are described as being for "service" use. Under the schedule for non-ownership liability, the premium is calculated on the basis of the "insured's business" being "other than a social serv. agcy," and the number of employees being between zero and 25. The policy identifies the "form of business" as being "individual," and lists the "named insured and mailing address" as plaintiff's husband at his personal residence. However, a business can consist of a single self-employed individual or sole proprietor. The trial court correctly concluded that the policy had been issued to a business.

We also agree with the trial court's determination that plaintiff is not covered for PIP benefits under the

policy unless in one of the business's vehicles, which she was not. The policy contains a schedule of covered benefits and covered vehicles. PIP is limited to the enumerated vehicles, and only liability coverage extends to any other vehicles. PIP and liability coverages are distinct. *Husted v Auto-Owners Ins Co*, 459 Mich 500, 513; 591 NW2d 642 (1999). The policy provides that *only liability coverage* is extended to an automobile being used "as a temporary substitute for a covered 'auto' that you own that is out of service." In contrast, although PIP coverage apparently *could* be purchased for vehicles not specifically listed, such coverage was not purchased in *this* policy. The trial court correctly concluded the policy does not provide PIP coverage for a vehicle not listed as owned by the business.

Although plaintiff is named as a designated driver in the policy, this does not make her a named insured. *Harwood v Auto-Owners Ins Co*, 211 Mich App 249, 253; 535 NW2d 207 (1995). The only named insured on the policy is plaintiff's husband, and because the policy is unambiguously a business policy issued to an individual business, plaintiff's husband is an employee under MCL 500.3114(3). *Celina Mut Ins Co v Lake States Ins Co*, 452 Mich 84, 89; 549 NW2d 834 (1996). Plaintiff would therefore be entitled to whatever PIP benefits her husband would be entitled to under the policy. As discussed, the trial court correctly found that defendant owed no PIP benefits because the policy does not provide PIP coverage for the rental vehicle.

Plaintiff also argues that defendant is required to continue making PIP benefit payments pursuant to the doctrine of equitable estoppel. "The principle of estoppel is an equitable defense that prevents one party to a contract from enforcing a specific provision contained in the contract." *Morales v Auto-Owners Ins Co*, 458

Mich 288, 295; 582 NW2d 776 (1998). "Estoppel arises where a party, by representations, admissions or silence, intentionally or negligently induces another party to believe facts, and the other party justifiably relies and acts on this belief, and will be prejudiced if the first party is permitted to deny the existence of the facts." *Casey v Auto-Owners Ins Co*, 273 Mich App 388, 399; 729 NW2d 277 (2006) (internal quotation and citation omitted). Plaintiff contends that she refrained from filing a claim with another insurance provider because of her reliance on defendant's PIP benefit payments, and the "one-year-back" rule, MCL 500.3145(2), now precludes her from doing so. We disagree.

At oral argument, counsel for defendant conceded that defendant terminated payments for a few specific services less than a year after the accident because defendant did not believe those services were necessary, but defendant did not terminate PIP benefit coverage altogether for contractual reasons until *more* than a year after the accident. However, a party who is actually "cognizant of all the material facts can claim nothing by estoppel," even if that cognizance is by virtue of an agent. *Cudahy Bros Co v West Michigan Dock & Market Corp*, 285 Mich 18, 26-27; 280 NW 93 (1938). Critically here, the prejudiced party had the same *access to* the true facts as the party to be estopped; in other words, where plaintiff had a feasible means to discover the truth, she cannot contend that she was influenced by the defendant. *Sheffield Car Co v Constantine Hydraulic Co*, 171 Mich 423, 450-451; 137 NW 305 (1912). Here, plaintiff was aware of the insurance contract, which expressly limited PIP benefits to enumerated vehicles and extended only liability coverage for temporarily substitute vehicles; moreover, she retained counsel only a few months after the accident. Thus, she had

equal access to the pertinent information and the means to independently assess defendant's actions. Therefore, the doctrine of equitable estoppel does not apply here.

Plaintiff finally contends that she is entitled to continue receiving PIP benefits as an innocent third party to the transaction between her husband and defendant where her husband procured the no-fault policy as the named insured. We disagree.[1] The "innocent third party" rule prohibits an insurer from rescinding an insurance policy because of a material misrepresentation made in an application for no-fault insurance where there is a claim involving an innocent third party. *Katinsky v Auto Club Ins Ass'n*, 201 Mich App 167, 170; 505 NW2d 895 (1993). Defendant has not rescinded the insurance policy in this case. Rather, defendant stopped paying plaintiff benefits because the policy did not cover her claim. Thus, the "innocent third party" rule is inapplicable. Furthermore, a third-party beneficiary may only enforce rights actually found in the contract. *Rudolph Steiner School of Ann Arbor v Ann Arbor Charter Twp*, 237 Mich App 721, 738; 605 NW2d 18 (1999). The contract here does not provide for PIP coverage for vehicles other than those enumerated, so plaintiff could not require PIP benefit payments under the contract even if she were an innocent third party.

Affirmed.

---

[1] We note in part that this assertion is directly contrary to plaintiff's claim that *she and* her husband decided to place all of their household vehicles on the business insurance policy "to qualify for a multi-car discount just like most married couples would do to save money on insurance premiums."