*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JEANNE NEWELL,

        Plaintiff-Appellant,

v

ARNELL ST. JULIANA and JEFFREY ST.
JULIANA,

        Defendants-Appellees.

UNPUBLISHED
February 19, 2019

No. 341400
Wayne Circuit Court
LC No. 16-013482-NO

Before: CAVANAGH, P.J., and BORRELLO and REDFORD, JJ.

PER CURIAM.

Plaintiff appeals as of right an order granting summary disposition in favor of defendants under MCR 2.116(C)(10) in this premises liability case. We affirm.

On December 24, 2014, plaintiff fell while leaving the home of defendants, her daughter and son-in-law, and was injured. Defendants had invited plaintiff to their home to celebrate the Christmas Eve holiday and plaintiff fell as she was leaving through the side door entryway.

Plaintiff filed a two-count complaint against defendants, alleging negligence and premises liability.[1] In her complaint, plaintiff claimed that the side door entryway did not have a handrail. According to plaintiff, defendants owed her a duty to warn about the lack of a handrail because its absence was a dangerous condition that posed an unreasonable risk of harm.

Defendants moved for summary disposition under MCR 2.116(C)(10), arguing that they did not owe plaintiff a duty to warn about the lack of a handrail because plaintiff was a licensee,

---

[1] It is undisputed that plaintiff's injury arose from an allegedly dangerous condition on defendants' land; therefore, the action sounds in premises liability, not negligence. See *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 692; 822 NW2d 254 (2012). And on appeal, plaintiff only challenges the dismissal of her premises liability claim.

and therefore, they only had a duty to warn her of any hidden dangers that they knew or had reason to know of which presented an unreasonable risk of harm, and that plaintiff did not know or have reason to know about. The trial court granted defendants' motion, concluding that defendants had no duty to warn plaintiff because plaintiff was "fully aware that there was no hand rail [sic] there." This appeal followed.

Plaintiff contends that the trial court erred by granting summary disposition in favor of defendants because defendants failed to warn her about the lack of a handrail. We disagree.

We review de novo a trial court's decision on a motion for summary disposition. *Barnes v Farmers Ins Exch*, 308 Mich App 1, 5; 862 NW2d 681 (2014). In reviewing a motion under MCR 2.116(C)(10), "this Court considers all the evidence submitted by the parties in the light most favorable to the non-moving party and grants summary disposition only where the evidence fails to establish a genuine issue regarding any material fact." *Sisk-Rathburn v Farm Bureau Gen Ins Co of Mich*, 279 Mich App 425, 427; 760 NW2d 878 (2008). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

The condition on the premises that plaintiff claimed caused her physical harm was the lack of a handrail at the side entryway of defendants' home. Plaintiff was a social guest at defendants' home and, therefore, she was a licensee on the premises. See *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596; 614 NW2d 88 (2000). Because plaintiff was a licensee at the time of her injury event, defendants owed her a duty to warn only if they knew or should have known that the absence of a handrail was a hidden danger that involved an unreasonable risk of harm, and plaintiff did not know or have reason to know of the danger and risk involved. See *id.*; *Kosmalski ex rel Kosmalski v St John's Lutheran Church*, 261 Mich App 56, 65; 680 NW2d 50 (2004). Defendants did not owe plaintiff a duty to inspect the premises or to make the premises safe for her visit. See *Stitt*, 462 Mich at 596. They also were not required to warn plaintiff of conditions on the land that were open and obvious, as such dangers "come with their own warning." *Pippin v Atallah*, 245 Mich App 136, 143; 626 NW2d 911 (2001); see also *Haas v City of Ionia*, 214 Mich App 361, 362; 543 NW2d 21 (1995) (holding that "the 'open and obvious' danger principle establishes awareness and thus ability to avoid the danger").

Plaintiff failed to present evidence in the trial court that created a question of fact that the absence of a handrail was a hidden danger of which she was unaware. At her deposition, plaintiff stated that there was a light on near the door when she fell and that there was no ice or snow that could have obstructed her view. Plaintiff also testified that she was intimately familiar with the home from regular use over the course of many decades. Plaintiff and her husband owned and used the home, including its handrail-free side entryway, for 40 years. After selling the home to defendants approximately 15 to 20 years earlier, plaintiff visited the home about once or twice a week without any difficulty using the side entryway that lacked a handrail. Because defendants had no reasonable basis to believe that plaintiff did not or would not discover or realize the danger herself, they did not owe her a duty to warn. See *Kosmalski*, 261 Mich App at 65.

Moreover, the lack of handrail was an open and obvious condition of the premises, obviating any duty to warn. See *Pippin*, 245 Mich App at 143. A danger is "open and obvious" when, considered objectively, an average person with ordinary intelligence would have discovered the condition and the risk it posed upon casual inspection. *Price v Kroger Co of Mich*, 284 Mich App 496, 500-501; 773 NW2d 739 (2009). Considering the evidence in a light most favorable to plaintiff, it is clear that an average person with ordinary intelligence would have observed on casual inspection that there was no handrail. Based on witness testimony and photographic evidence, the area was not obstructed (e.g., no snow, ice, shrubbery, or ornamental objects), it was well-lit, and the geometry of the step and entryway were apparent for any reasonable person to observe and understand. Furthermore, although the test is objective, as described above, plaintiff was particularly aware of the fact that the entryway was handrail-free because she owned the home for 40 years and regularly visited the home after she sold it to defendants during which time there was never a handrail. Because the absence of a handrail was an open and obvious condition, defendants owed no duty to warn plaintiff about it. See *Pippen*, 245 Mich App at 143.

Plaintiff, relying on *Lugo v Ameritech Corp, Inc*, 464 Mich 512; 629 NW2d 384 (2001), asserted that even if the absence of a handrail was open and obvious, defendants still owed her a duty to warn because special aspects of the condition made the danger unreasonably dangerous and effectively unavoidable. See *id*. at 517-518. However, the "special aspects" exception to the open and obvious doctrine does not apply to licensees. *Pippin*, 245 Mich App at 143. Because plaintiff was a licensee, the special aspects rule does not apply; the condition was open and obvious, and therefore, defendants owed plaintiff no duty to warn her about the lack of handrail.

Even assuming arguendo that the absence of a handrail was a hidden danger, there was no evidence that it constituted an unreasonable risk of harm. See *Kosmalski*, 261 Mich App at 65. A hazardous condition is considered to be "unreasonably dangerous" when it imposes an unreasonably high risk of severe harm such as a substantial risk of death or severe injury. *Lugo*, 464 Mich at 518 (holding that a 30-foot deep pit in the middle of a parking lot "would present such a substantial risk of death or severe injury to one who fell in the pit that it would be unreasonably dangerous"). In this case, the evidence shows that the side entryway at issue is comprised of a single preformed concrete step sitting on the ground surface directly below the ingress-egress door threshold. The photographs show nothing unusual or peculiar about this single-step entryway, either by way of geometry, dimension, or construction. A typical person using this step without a handrail does not face an unreasonably high risk of severe harm such as a substantial risk of death or severe injury. Thus, the absence of a handrail does not constitute an unreasonable risk of harm and the trial court properly granted summary disposition in favor of defendants.

On appeal, plaintiff also argues that defendants had a duty to warn her about the defective step. But the only deficient condition on the premises explicitly asserted in the complaint was defendants' failure to install a handrail by the side door stair. In the complaint, plaintiff did not allege that the step was defective and she did not implicate the step as a cause of her fall. In her response to defendants' motion for summary disposition, plaintiff pointed out an irregularity in the surface of the step. This condition, however, does not appear to be relevant to the injury event that forms the basis for her claim. The photographs of the step show the irregular surface area outside the pathway used for ingress and egress. Furthermore, plaintiff testified that she fell

because she lost her balance. Plaintiff neither pleaded a step defect in her complaint nor testified that the surface of the step caused her to trip or otherwise played any role in causing her to fall. No witness testified that the surface anomaly had any bearing whatsoever on the injury event.[2]

In conclusion, the trial court properly granted defendants' motion for summary disposition.

Affirmed.


/s/ Mark J. Cavanagh
/s/ Stephen L. Borrello
/s/ James Robert Redford

---

[2] Nonetheless, the step surface was not hidden, was open and obvious, and was not unreasonably dangerous, and therefore, defendants did not owe plaintiff a duty with regard to this condition.