*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TD AUTO FINANCE, L.L.C.,

Plaintiff-Appellant,

v

STATE TREASURER, STATE OF MICHIGAN, and DEPARTMENT OF TREASURY,

Defendants-Appellees.

UNPUBLISHED
February 18, 2020

No. 346467
Court of Claims
LC No. 17-000259-MT

Before: REDFORD, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM.

Plaintiff appeals as of right a Court of Claims' order granting summary disposition in favor of defendants in this case arising from defendant Department of Treasury's (the Department) denial of plaintiff's claim under the bad-debt statute of the General Sales Tax Act, MCL 205.54i, for a deduction or refund of sales tax paid on allegedly worthless retail installment contracts. We affirm.

Plaintiff is a financing company that financed the purchase of vehicles from various automobile dealers. The vehicle purchasers would enter into a retail installment contract with the dealer which would assign its interest in the contract to plaintiff in exchange for full payment of the amount financed. The dealer would then report and remit the sales tax due on the sales and plaintiff maintained all interest in the installment contracts. Some vehicle purchasers defaulted on their installment contracts, which meant that neither the full purchase price nor sales tax that was financed under the contracts was repaid to plaintiff. Plaintiff repossessed and sold some of those vehicles, sometimes at a loss, but not every vehicle was recovered and many defaulted contacts had unpaid balances. Eventually plaintiff claimed some of the defaulted installment contracts as bad debts on its federal income tax returns. And, in December 2014, plaintiff sought to recover sales tax that was paid on these bad debts in the amount of $546,976.64. Although the Department eventually issued a refund in the amount of $77,324.64, the balance of $469,652 was denied on grounds that included insufficient documentation to support the claim.

On September 14, 2017, plaintiff filed this action under the bad-debt statute, MCL 205.54i, alleging entitlement to a deduction or refund of sales tax overpaid as a result of bad debts written off on retail installment contracts from January 1, 2012 through October 31, 2014. Plaintiff attached to its complaint a copy of the Department's June 19, 2017 letter denying its claim.

On August 1, 2018, the Department filed a motion for partial summary disposition under MCR 2.116(C)(7), arguing that plaintiff's refund request was comprised of 1,504 individual refund claims, but 1,025 of those claims were barred by the four-year statute of limitations, MCL 205.27a. Plaintiff responded to the motion, arguing that its right to a bad-debt refund did not accrue until each account receivable at issue became a "bad debt," at which time plaintiff sought relief within the statute of limitations.

On August 17, 2018, plaintiff filed a motion for partial summary disposition under MCR 2.116(C)(10), arguing that the recently decided case of *Ally Fin, Inc v Dep't of Treasury*, 502 Mich 484; 918 NW2d 662 (2018), supported plaintiff's argument that it was entitled to recover for the bad debts attributed to 117 accounts receivable for which plaintiff had provided a joint election form and a validated RD-108 form, totaling $26,560.91 in overpaid sales tax under MCL 205.54i.[1] Plaintiff submitted the affidavit of Travis Gilbert, the Vice President and Head of State and Local Tax for plaintiff's parent company, TD Bank NA, in support of its motion. Gilbert averred that he had reviewed the substance of the bad-debt claim filed by plaintiff and confirmed that the sales tax amounts at issue were claimed as bad debts on plaintiff's federal income tax returns and that the joint election forms and RD-108 forms attached to the motion were obtained by plaintiff in the ordinary course of its business.

The Department responded to plaintiff's motion, arguing that simply producing validated RD-108 forms and joint elections forms was insufficient to establish a bad-debt claim. Rather, substantiating evidence was required to show that (1) plaintiff charged off the debts as uncollectible on its books and records, MCL 205.54i(2); (2) such debts were worthless and remained unpaid; and (3) plaintiff purchased or held the accounts receivable from the retailer which paid the sales tax, i.e., that plaintiff qualified as a "lender," MCL 205.54(1)(e). The Department cited the deposition testimony of Travis Gilbert who testified—after being confronted with contradicting evidence—that he had no personal knowledge as to whether some of the accounts included in plaintiff's refund claim were, in fact, fully repaid or whether they remained unpaid. Further, Gilbert admitted that he did not know whether there were judicial proceedings and successful garnishments against debtors of some of the accounts at issue. And Gilbert admitted that he was unsure as to whether plaintiff had purchased all of the accounts receivable at issue from vehicle dealers. The Department argued that plaintiff had the burden to establish entitlement to the sales tax refund sought and wholly failed to carry that burden, including by failing to provide its books and records showing that the debts at issue were charged off as uncollectible, that the debts were worthless and in fact uncollectible, and that plaintiff qualified as a lender as to the

---

[1] A RD-108 form shows that sales tax was paid, as well as the amount paid. A joint election form designates whether the retailer or the lender may claim a bad-debt refund. *Ally Fin*, 502 Mich at 504-506.

accounts at issue. Therefore, the Department argued, plaintiff's motion for summary disposition should be denied.

On August 17, 2018, the Department also filed a motion for summary disposition under MCL 2.116(C)(10). The Department argued that MCL 205.54i requires that a taxpayer seeking a bad-debt refund prove, at minimum, that the debt was charged off as uncollectible in the taxpayer's books and records. See MCL 205.54i(2). Here, despite the Department's numerous requests during discovery, plaintiff failed to produce its books and records showing that the claimed debts were charged off as uncollectible. Although plaintiff relied on its federal income tax returns and spreadsheets created by plaintiff's legal counsel, these documents did not show that plaintiff charged the debts off in its books and records as uncollectible. And plaintiff's sole witness, Travis Gilbert, testified that he did not know plaintiff's process of charging off accounts as uncollectible and was not involved in such charge-off decisions. Therefore, no genuine issue of material fact existed that plaintiff could not establish the purported debts were charged off as uncollectible on its books and records and the Department was entitled to summary disposition of plaintiff's claim.

Plaintiff responded to the Department's motion for summary disposition, arguing that it did provide "books and records" to support its bad-debt claim, including its federal income tax returns and spreadsheets prepared from information extracted from its internal computer systems. Further, Travis Gilbert provided an affidavit stating that the accounts receivable at issue were claimed as bad debts on plaintiff's federal income tax returns. Thus, plaintiff argued, a genuine issue of material fact existed sufficient to preclude summary disposition in the Department's favor. Plaintiff attached Gilbert's affidavit and deposition testimony to its response.

On October 30, 2018, the Court of Claims issued its opinion and order granting the Department's August 17, 2018 motion for summary disposition, rendering as moot the other pending motions. The Court of Claims noted that MCL 205.54i(4) mandates that a claim for a bad-debt deduction "be supported by that evidence required by the department." And our Supreme Court recently interpreted that statutory provision as granting the Department discretion "to determine the evidence required to support a party's claim for a deduction or refund." *Ally Fin*, 502 Mich at 504. As long as the exercise of that discretion is supported by a rational basis, it will be upheld. *Id*.

In this case, the Court of Claims noted, the Department requested plaintiff's own accounting books and records which showed that the accounts receivable at issue were in fact charged off as uncollectible by plaintiff. Plaintiff argued that it complied with the request by providing federal income tax returns from 2011 through 2013. The Court of Claims concluded that these tax returns were insufficient because they merely showed the total amount of "bad debts" claimed but provided no details as to the specific sources of the bad debts. There was no way to determine by looking at these federal income tax returns whether the specific accounts at issue in this bad-debt claim were in fact written off as uncollectible by plaintiff. The Court of Claims also rejected plaintiff's argument that it complied with the Department's request by providing attorney-prepared spreadsheets because they did not demonstrate that plaintiff actually wrote the accounts at issue off as worthless or uncollectible on its own accounting records. Further, the spreadsheets included accounts that were not in fact worthless or uncollectible because they were shown to be paid in full, subject to satisfied civil judgments, or sold to a third party. Considering that plaintiff had claimed that its actual books and records were used to compile the spreadsheets, the Court of

-3-

Claims concluded that the Department's request for those underlying records was not an abuse of discretion. The Court of Claims reiterated that the Department could demand, under MCL 205.54i(4), that plaintiff produce its actual books and records to support it bad-debt claim and there was no abuse of discretion in that regard. Accordingly, because plaintiff repeatedly failed to comply by producing the evidence requested, the Department was entitled to summary disposition and its August 17, 2018 motion was granted. The other pending motions for summary disposition were denied as moot. This appeal followed.

Plaintiff argues that the Department failed to articulate what evidence was required under MCL 205.54i(4) and improperly failed to accept as sufficient plaintiff's federal income tax returns and attorney-prepared spreadsheets; therefore, summary disposition should have been denied. We disagree.

We review de novo a lower court's decision on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). In reviewing a motion under MCR 2.116(C)(10), "this Court considers all the evidence submitted by the parties in the light most favorable to the non-moving party and grants summary disposition only where the evidence fails to establish a genuine issue regarding any material fact." *Sisk-Rathburn v Farm Bureau Gen Ins Co of Mich*, 279 Mich App 425, 427; 760 NW2d 878 (2008). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

"MCL 205.54i permits retailers and lenders to seek a refund for sales taxes paid on a 'bad debt,' as defined by the statute." *Ally Fin*, 502 Mich at 492 (footnote omitted). One condition that must be met to support a bad-debt claim is that the account receivable be found worthless and written off by the claimant. MCL 205.54i(3)(b). MCL 205.54i(4) also provides: "Any claim for a bad debt deduction under this section shall be supported by that evidence required by the department." As our Supreme Court noted, the Department is granted discretion by this statute to determine the evidence needed to support a bad-debt claim and, "[w]hen an agency is granted discretion by a statute, the agency's exercise of that discretion will be upheld if supported by a rational basis." *Ally Fin*, 502 Mich at 504.

Plaintiff argues that the Department did not clarify what evidence plaintiff needed to provide to establish that it charged off the claimed bad debts in its books and records. This argument is without merit. The Department requested that plaintiff provide proof that each account receivable that comprised plaintiff's bad-debt claim be shown to have been declared worthless and uncollectible in plaintiff's accounting books and records. See MCL 205.54i(3)(b). In response, plaintiff merely provided federal income tax returns that generally stated the total amount charged off as "bad debt" but otherwise provided no details as to which account receivables, if any, were included in the computation. If subjected to a federal audit of its income tax returns, plaintiff would be required to produce such substantiating documentation so it must exist. See, e.g., 26 USC 6001; 26 CFR 1.6001-1.

Plaintiff also provided attorney-prepared spreadsheets with some information but they also failed to demonstrate that plaintiff actually wrote the accounts at issue off as worthless and uncollectible on plaintiff's own accounting books and records. Moreover, the sole witness listed

-4-

by plaintiff as the person knowledgeable about plaintiff's bad-debt claim, Travis Gilbert, testified that he was not familiar with the information on the spreadsheets, did not make the determination as to when an account would be charged off as uncollectible, agreed that the amounts charged off as uncollectible were not listed on the spreadsheets, and admitted that he never verified whether the charge-off information on the spreadsheets was accurate. In fact, when confronted with proofs that contradicted the veracity of the information contained on the spreadsheets, Gilbert could not explain the numerous discrepancies. He also testified that he had "very limited" knowledge regarding plaintiff's internal accounting.

Obviously, plaintiff could have provided the actual documents that were used to compile the spreadsheets, as the Court of Claims suggested, and the documents pertaining to each individual account receivable may have contained information like, for example, the amount of the retail installment contract, the default amount, whether the defaulted account was pursued through legal action and a judgment obtained, whether the vehicle was repossessed and the auction amount recovered, whether the account was sold to a third-party for collection, whether the account was charged off in part or in whole, the specific amount charged off as uncollectible, and whether plaintiff received any payments from the vehicle purchaser after the debt was charged off as uncollectible. In other words, the Department's request for documentary evidence that was used, at least in part, to compile the spreadsheets and federal tax returns as related to the accounts receivable that made up plaintiff's bad-debt claim was supported by a rational basis, *Ally Fin*, 502 Mich at 504, but plaintiff failed to produce such documentation. While plaintiff seems to suggest that the Department was required to ask for specific accounting documents by name or title, such claim is untenable and unsupported by any authority. In simple terms, as the Court of Claims concluded, plaintiff had the burden to support its bad-debt claim with sufficient evidence to permit the Department to perform its statutory duty to ensure the proper amount of refund or deduction—not more and not less—and no genuine issue of material fact exists that plaintiff's evidence was wholly insufficient to allow the Department to make that determination. See MCL 205.54i(4). Accordingly, the Court of Claims properly granted the Department's motion for summary disposition.

We note plaintiff's summation in its appellate brief that the "crux of this case relates to the circumstances under which a lender is eligible to claim relief from bad debts pursuant to MCL 205.54i." But that is not the crux of this case. The crux of this case is whether a lender must submit adequate supporting proof of its bad-debt claim so as to credibly demonstrate that the lender overpaid sales tax. We answer in the affirmative. In this case, plaintiff sought a refund or deduction amounting to almost $500,000 based, essentially, on its bare assertion of entitlement, i.e., its say-so. While there may be some difference of opinion as to the precise kind and amount of proofs required to establish a bad-debt claim, it is plain in this case that plaintiff did not submit even a modicum of proof to provoke such a dispute. Plaintiff's proofs were wholly insufficient.

And contrary to plaintiff's argument on appeal, the Court of Claims was not required to hold an evidentiary hearing before rendering its opinion on the Department's motion for summary disposition brought under MCR 2.116(C)(10), which "tests the factual support of a plaintiff's claim." *Spiek v Dept of Transp*, 456 Mich 331, 337; 572 NW2d 201 (1998). The Department, as the moving party, had to identify the matters that had no disputed factual issues, and had the initial burden of supporting its position with documentary evidence. See *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). Plaintiff, as the party opposing the motion, then had

to establish by evidentiary materials that a genuine issue of disputed fact existed. See *id.* Plaintiff filed this lawsuit claiming that it was entitled to a deduction or refund of sales tax overpaid as a result of bad debts written off on retail installment contracts. The Department sought summary disposition, arguing that plaintiff had the burden to establish that it charged off the purported bad debt as uncollectible on its books and records but, despite repeated record requests by the Department, plaintiff failed to substantiate its claim. In response, plaintiff argued that it substantiated its claim by producing its federal income tax returns and attorney-prepared spreadsheets containing some information that even its sole witness, Gilbert, could not explain or verify as accurate. As the Court of Claims concluded and as discussed above, even considering the evidence in the light most favorable to plaintiff, no reasonable juror could conclude that plaintiff produced sufficient documentary evidence to prove its bad-debt claim. See *West*, 469 Mich at 183.

Affirmed.


/s/ James Robert Redford
/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto