*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MEMBERSELECT INSURANCE COMPANY,

Plaintiff-Appellant,

v

HARTFORD ACCIDENT & INDEMNITY COMPANY,

Defendant-Appellee.

FOR PUBLICATION
September 15, 2022
9:25 a.m.

No. 355326
Wayne Circuit Court
LC No. 18-009956-CZ

Before: GLEICHER, C.J., and K. F. KELLY and PATEL, JJ.

PER CURIAM.

A central tenet of Michigan's No-Fault Act, MCL 500.3101 *et seq*., is that when it comes to personal protection insurance (PIP) coverage, "persons, not motor vehicles, are insured against loss." *Lee v Detroit Auto Inter-Ins Exch*, 412 Mich 505, 509; 315 NW2d 413 (1982). The question presented in this priority dispute is whether by labeling a no-fault policy as "commercial" an insurer can avoid this commandment.

The Hartford commercial automobile no-fault policy at issue insured Michael McGilligan d/b/a McGilligan Plumbing & Heating. Hartford contends that it agreed to provide PIP coverage only for accidents arising from the ownership, operation, or maintenance of the *vehicles* insured by the policy—and the offending vehicle was not. We reject Hartford's argument because as the named insured under the Hartford policy, McGilligan was entitled to PIP benefits regardless of whether the policy was designated as "commercial," or whether it purported to provide PIP coverage only for accidents involving the vehicles identified in the policy. We reverse and remand for entry of judgment in favor of MemberSelect.

## I. BACKGROUND

Michael McGilligan was severely injured when a vehicle he was servicing fell on top of him. McGilligan had purchased "commercial" auto insurance from Hartford Accident & Indemnity Company. The policy identified "Michael McGilligan DBA McGilligan Plumbing and Heating" as the "insured." The company is a sole proprietorship.

-1-

McGilligan filed a claim for PIP benefits from Hartford. Hartford denied the claim, asserting that the PIP endorsement to McGilligan's policy only applied when a "covered auto"—one specifically identified as covered in the policy—was involved in the injury-causing event.

McGilligan then filed a claim for PIP benefits from MemberSelect Insurance Company. MemberSelect had issued a no-fault policy to Nicholas Nannoshi, the owner of the vehicle McGilligan was servicing when he was injured. MemberSelect paid the submitted claims and sought reimbursement from Hartford. When Hartford again denied coverage, MemberSelect filed this lawsuit.

Hartford and MemberSelect filed cross-motions for summary disposition under MCL 2.116(C)(10). The circuit court granted summary disposition to Hartford, placing the duty to provide PIP benefits on MemberSelect. In doing so, the court accepted Hartford's position that commercial auto policies can be "specifically tailor[ed]" to provide "the coverages that [the client] want[s] to buy and that the company wants to provide." The Hartford policy limited PIP coverage to events involving a "covered auto," and since no covered auto was involved in the accident, the court determined that the Hartford policy did not provide coverage.

MemberSelect appeals.

## II. ANALYSIS

We review de novo a circuit court's decision on a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). "We also review de novo the construction and interpretation of an insurance contract." *Bronson Health Care Group, Inc v State Auto Prop & Cas Ins Co*, 330 Mich App 338, 341; 948 NW2d 115 (2019). "PIP benefits are mandated by statute under the no-fault act, MCL 500.3105, and, therefore, the statute is the 'rule book' for deciding the issues involved in questions regarding awarding those benefits." *Rohlman v Hawkeye-Security Ins Co*, 442 Mich 520, 524-525; 502 NW2d 310 (1993). In other words, when there is a conflict between the language of a policy and the no-fault statute, the statute wins.

The events underlying this case occurred in 2017, and all statutory references in this opinion are to the statutes in effect in 2017. In 2017, as now, the no-fault act provided for mandatory PIP coverage. MCL 500.3101(1), 2016 PA 346, provided that "[t]he owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under [PIP] . . . ." MCL 500.3105(1) stated then and now, "Under [PIP] an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, subject to the provisions of this chapter." There is no dispute that McGilligan's injuries were caused by an "accident" resulting from the "maintenance" of an automobile.

Section 3114 of the no-fault act sets out another fundamental rule governing PIP coverage:

Except as provided in subsections (2), (3), and (5), a [PIP] policy described in [MCL 500.3101(1)] applies to accidental bodily injury *to the person named in the policy*, the person's spouse, and a relative of either domiciled in the same

-2-

household, if the injury arises from a motor vehicle accident . . . . [MCL 500.3114(1), 2016 PA 347 (emphasis added).][1]

The Hartford policy's Michigan PIP endorsement includes the following definition of an "insured," which fits McGilligan:

A. Coverage

We will pay [PIP] benefits to or for an "insured" who sustains "bodily injury" caused by an "accident" and resulting from the ownership, maintenance or use of an "auto" as an "auto". These benefits are subject to the Michigan Insurance Code. . . .

\* \* \*

B. Who is An Insured

1. *You* or any "family member".

2. Anyone else who sustains "bodily injury":

a. While "occupying" a covered "auto";

b. As the result of an "accident" involving any other "auto" operated by you or a "family member" if that "auto" is a covered "auto" under the Policy's Covered Autos Liability Coverage; or

c. While not "occupying" any "auto" as a result of an "accident" involving a covered "auto". [Emphasis added.]

The Hartford policy identified as the "insured" party "Michael McGilligan DBA McGilligan Plumbing & Heating." "DBA" means "doing business as." This designation

is merely descriptive of the person or corporation who does business under some other name. Doing business under another name does not create an entity distinct from the person operating the business. The individual who does business as a sole proprietor under one or several names remains one person, personally liable for all his obligations. [*Duval v Midwest Auto City, Inc*, 425 F Supp 1381, 1387 (D Neb, 1977).]

McGilligan is the "insured," the "person named in the policy," and the "named insured" under the policy. "[T]he phrase 'the person named in the policy' is synonymous with the term 'named

---

[1] None of the exceptions listed in MCL 500.3114(1) apply here. Subsection (2) applies to vehicles "operated in the business of transporting passengers." Subsection (3) would have applied had McGilligan been "an occupant of a motor vehicle owned or registered by [his] employer." Subsection (5) pertains to accidents involving motorcycles.

insured.' " *State Farm Fire & Cas Co v Old Republic Ins Co*, 234 Mich App 465, 469; 595 NW2d 149 (1999), rev'd on other grounds 466 Mich 142 (2002). See also *Stoddard v Citizens Ins Co of America*, 249 Mich App 457, 466-467; 643 NW2d 265 (2002) (discussed in more detail below).

Because McGilligan is "the person named in the [Hartford] policy," under MCL 500.3114(1), Hartford is responsible for payment of his PIP benefits. Hartford makes much of the fact that it sold McGilligan a "commercial" policy that included a designation ("07") indicating that PIP coverage applied only to "specifically described 'autos' " in the policy—the autos owned or insured by McGilligan. This policy language does not overcome the statutory requirement that Hartford must pay PIP benefits to "the person named in the policy." Hartford cannot opt out of the statutory PIP requirement by designating autos instead of people for PIP coverage; doing so would contravene the cardinal rule under the no-fault act that *persons*, not motor vehicles, are insured against PIP loss. And, we note, the Legislature has not created a "commercial policy" exception to MCL 500.3114(1).

This Court has previously considered in two cases whether the provider of a commercial auto policy can avoid responsibility for coverage when a covered vehicle is not the vehicle involved in the injury-causing event. In *Stoddard*, 249 Mich App at 458, the plaintiff was injured in a motor vehicle accident with an uninsured motorist while driving a vehicle owned by her employer, Ciba Vision. Ciba Vision did not carry uninsured motorist (UIM) coverage for the vehicle in question. Accordingly, the plaintiff sought UIM coverage through the commercial auto policy covering her husband's landscaping business—Stoddard's Lawn Shapers. *Id*.

*Stoddard* is distinguishable from the current case because unlike PIP coverage, UIM "coverage is not required by statute." *Id*. at 460-461. Therefore, the language of the contract alone controlled. *Id*. at 461. The contractual language in *Stoddard* bears many similarities to the contract now before us. Unfortunately, the panel in *Stoddard* did not include the introductory language of the UIM endorsement in the opinion and we cannot know if that policy included the same language as the Hartford PIP endorsement limiting coverage to covered autos. But the "coverage" provision of the endorsement extended coverage to "the 'insured' " when involved in an accident with an uninsured motorist. *Id*. An "insured" included:

"1. You.

2. If you are an individual, any 'family member.'

3. Anyone else 'occupying' a covered 'auto' or a temporary substitute for a covered 'auto.' The covered 'auto' must be out of service because of its breakdown, repair, servicing, loss or destruction.

4. Anyone for damages he or she is entitled to recover because of 'bodily injury' sustained by another 'insured.' " [*Id*. at 461-462.]

Like the policy in this case, the Stoddard's Lawn Shapers' policy was coded such that the UIM endorsement applied " '[o]nly [to] those 'autos' " designated in the policy—a Ford pick-up truck used in the landscaping business. *Id*. at 462-463. The endorsement also specifically excluded UIM coverage for "bodily injury" sustained by a "family member" while occupying or when struck by a vehicle owned by the insured or the family member when UIM coverage was not purchased

under the policy directly covering that vehicle or when UIM coverage was provided on a primary basis by another policy. *Id*. at 462.

Although the policy provided UIM coverage only for "covered autos," this Court opined that the policy used "standard" language developed when UIM coverage was required by statute. *Id*. at 463. At that time, UIM coverage "was considered 'portable,' that is, it followed the person." *Id*. at 460. Courts invalidated UIM provisions that attempted to limit coverage to accidents involving covered autos. *Id*. at 463, citing *Bradley v Mid-Century Ins Co*, 409 Mich 1, 23-24; 294 NW2d 141 (1980). Examining the policy through that lens, this Court held that Stoddard's Lawn Shapers' policy provided UIM coverage to the policy holder's wife despite that a covered auto was not involved in the accident. *Stoddard*, 249 Mich App at 464.

Hartford contends that *Stoddard* is inapposite, and that *Sisk-Rathburn v Farm Bureau Gen Ins Co of Mich*, 279 Mich App 425; 760 NW2d 878 (2008), abrogated in part on other grounds by *Webb v Progressive Marathon Ins Co*, 335 Mich App 503; 967 NW2d 841 (2021), instead controls. The plaintiff in *Sisk-Rathburn* was injured while driving a rental vehicle. She did not carry a no-fault policy of her own and sought PIP benefits through her husband's "business auto" policy. *Sisk-Rathburn*, 279 Mich App at 426-427. Focusing solely on the policy language, this Court held that the policy did not extend PIP coverage to the plaintiff because a "covered auto" was not involved in the accident:

> We also agree with the trial court's determination that plaintiff is not covered for PIP benefits under the policy unless in one of the business's vehicles, which she was not. The policy contains a schedule of covered benefits and covered vehicles. PIP is limited to the enumerated vehicles, and only liability coverage extends to any other vehicles. PIP and liability coverages are distinct. The policy provides that only liability coverage is extended to an automobile being used "as a temporary substitute for a covered 'auto' that you own that is out of service." In contrast, although PIP coverage apparently could be purchased for vehicles not specifically listed, such coverage was not purchased in this policy. The trial court correctly concluded the policy does not provide PIP coverage for a vehicle not listed as owned by the business.

> Although plaintiff is named as a designated driver in the policy, this does not make her a named insured. The only named insured on the policy is plaintiff's husband, and because the policy is unambiguously a business policy issued to an individual business, plaintiff's husband is an employee under MCL 500.3114(3). Plaintiff would therefore be entitled to whatever PIP benefits her husband would be entitled to under the policy. As discussed, the trial court correctly found that defendant owed no PIP benefits because the policy does not provide PIP coverage for the rental vehicle. [*Id*. at 427-428 (citations omitted).]

*Sisk-Rathburn* is distinguishable because MCL 500.3114(3) does not apply here. Further, this Court did not consider the effect of the statutes mandating PIP coverage in *Sisk-Rathburn*; MCL 500.3101 and MCL 500.3105 were not mentioned in the Court's opinion. It is impossible to know whether the parties' arguments in that case included discussion of these mandatory PIP provisions of the no-fault act. MemberSelect's argument focuses on those statutes. Possibly due

to the framing of the arguments in *Sisk-Rathburn*, this Court accepted without discussion that a commercial auto policy could limit its extension of PIP coverage in a manner inconsistent with the no-fault act.  The parties in this case were more careful.  Because *Sisk-Rathburn* did not consider or decide the question presented here, our resolution is not limited by *Sisk-Rathburn*.

The public policy behind the no-fault act " 'is to broadly provide coverage for those injured in motor vehicle accidents without regard to fault.' " *Iqbal v Bristol West Ins Group*, 278 Mich App 31, 37; 748 NW2d 574 (2008), quoting *Cole v Auto-Owners Ins Co*, 272 Mich App 50, 55; 723 NW2d 922 (2006).  If insurers try to avoid the provision of mandatory no-fault benefits, their policies must be read to conform with the statutes.  Hartford attempted to avoid its duty to provide PIP coverage for the insured named in its policy.  This was not permitted under the no-fault act.

We reverse and remand for entry of summary disposition in MemberSelect's favor.  We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Kirsten Frank Kelly
/s/ Sima G. Patel